Justice John Warner,
concurring.
¶45 I concur in the Court’s decision. I write to explain my agreement with the Court’s conclusion at ¶ 41 that the witness Dailey’s testimony was relevant under Rule 401, M.R.Evid.
¶46 The positions of the parties as stated to the trial judge are:
Mr. Thompson: The main reason [for the testimony of Dailey] is to give a framework to the jury under which they can understand this - the way that these people lived, including the defendant. We’ve heard testimony in this case so far that is beyond the comprehension of a layperson to understand the dynamics of a relationship like this. Not only dynamics of how Lorri and Megan can be subjected and controlled by the content [sic], which we’ve heard here, but also under which the defendant can exert that control over them. It definitely requires an expert testimony to understand that and put it into some kind of framework ....
Mr. Jensen: Yeah, Your Honor. Here is my written - I’ve got lots of concerns with this, Your Honor. And one of them is, you know, we’re not contesting any of this stuff happened. We’re not disputing it. We’re not saying that he didn’t have control of these women. We’re not saying the sexual abuse didn’t happen, Your Honor.
And so I don’t know why the jury needs this additional information in order to make their decision in this case, because what it comes down to is mental disease or defect. And the state already has had three doctors look at him, Your Honor ....
And what I think the state is trying to do, although they’re *244 couching it as not doing this, is to try and holster Lorri up for her i failure. And I didn’t really attack her on that very vigorously, Your Honor. We’ve not been disputing that, and I’m not - my direction is what happened, where the nature of those things and my client’s mental illness.
What they’re trying to do is alleviate any personal responsibility she may have in the jury’s mind, whatever the jury thinks, and make my client even worse in their mind. What they’re trying to do is try and explain away some of these behaviors. We’re admitting all this stuff happened. We know it took years for it to come out. I think the jury understands why it took so long for it to come out based on the testimony of Megan.
And, Your Honor, I don’t think it’s relevant to any issue, and it’s not necessary for them to make any determination of any of the issues in this case, my client’s guilt or my client’s mental state
Mr. Thompson: The focus is on the dynamic. I’ll tell you how it’s relevant to Mr. Sandrock, apart from the facts that this actually did happen. She’s going to explain that there is a common dynamic to religious control, and then the jury can make the connection there to the fact that this was not an insane act .... These tools were used in a manner that was not under unknowing or unintentional.
¶47 The decision concerning relevance is in the broad discretion of the District Court. Strauss, ¶ 18. The trial judge was faced with making a decision whether the witness Dailey’s testimony was for no purpose, or for the purpose of making Mr. Sandrock a bad man, on the one hand, or on the other hand would tend to prove that he acted with purpose and knowledge. The trial judge, after hearing the voir dire of the jury, hearing the opening statements of counsel, listening to and observing the witnesses give several days of testimony, and considering the arguments of counsel, decided that the proposed testimony would tend to prove that Defendant Sandrock acted with purpose or knowledge, the main fact at issue.
¶48 The transcript indicates that this was a carefully considered decision taking into consideration the entire trial dynamic. It was indeed a difficult decision, but not one that I second guess. It was not an abuse of discretion.